IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2004

# TIMOTHY L. JEFFERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-D-1954     Cheryl Blackburn, Judge**

---

**No. M2002-02393-CCA-R3-PC - Filed February 17, 2004**

---

The petitioner was indicted on charges of first degree murder and especially aggravated robbery. He pled guilty to a reduced charge of second degree murder, and the other charge was dismissed. As part of the plea agreement, he received a sentence of forty years, to be served at one hundred percent. The petitioner contends that he received ineffective assistance of counsel, and his guilty plea was involuntary and unknowing. We conclude that the petitioner has failed to show that he was denied the effective assistance of counsel. We also conclude that the petitioner's guilty plea was knowing and voluntary. We affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, joined.

Mark A. Kovach, Nashville, Tennessee, for the appellant, Timothy L. Jefferson.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Davidson County Grand Jury indicted the petitioner, Timothy L. Jefferson, on charges of first degree murder and especially aggravated robbery. He was originally charged as a juvenile, but his case was later transferred to criminal court. The petitioner pled guilty to a reduced charge of second degree murder. As part of the plea agreement, he received a sentence of forty years to be served at one hundred percent. The other charge was dismissed. The petitioner timely filed a *pro se* petition seeking post-conviction relief, alleging ineffective assistance of counsel and an involuntary and unknowing guilty plea. Counsel was appointed and, following an evidentiary

hearing, the post-conviction court denied relief. The petitioner timely filed his notice of appeal. We affirm the post-conviction court's denial of post-conviction relief.

## Facts

The transcript of the guilty plea submission hearing was entered into evidence during the post-conviction proceeding and contained the following recitation of the facts.

[O]n December 25, 1999, at Fleming's Market, 499 Davidson Street, the victim, Mohammed Rafat, was working as a clerk when the [petitioner] came in to rob the store with a handgun. During the robbery, a gun battle ensued in which [the victim] exchanged fire with the [petitioner]. [The victim] was struck several times and died as a result of his injuries.

Police, during their investigation, received information that a witness had seen a young male black matching the description of the person who committed the robbery using a pay phone outside of Fleming's Market. The police executed a subpoena on the phone records of that pay phone and were able to locate a phone number that was used several times during the [sic], right around the time of the robbery. They located the witness who had that phone number, and that witness told the police that he had received several phone calls from [the petitioner] at that time.

Police were able to locate [the petitioner] at his home, took him into custody, and he gave a statement implicating himself in the robbery and the murder of [the victim].

At the evidentiary hearing on the petitioner's post-conviction petition, the petitioner testified that he was seventeen years old at the time he entered the guilty plea. He stated that he did not understand what he was doing because he "was young and immature and without knowledge." According to the petitioner, counsel did not explain the nature of the charges against him or the State's evidence. He met with counsel five or six times and professed his innocence. The petitioner stated that counsel did not explain that he was waiving certain rights by pleading guilty. The petitioner testified that he did not understand that he would be required to serve one hundred percent of the forty-year sentence because it was never explained to him. According to the petitioner, he was never told that he was pleading outside of his range of punishment. He further testified that, had counsel explained the charges and consequences more thoroughly, he would have insisted on going to trial.

The petitioner's trial counsel also testified at the post-conviction hearing. He testified that the State provided open file discovery in this case, and counsel also had an investigator. The investigator contacted and interviewed all of the witnesses listed in the indictment. Counsel filed a motion to suppress the petitioner's confession, and it was denied. He testified that he discussed the one hundred percent aspect of the plea with the petitioner and explained to him that he was

-2-

pleading out of his range. There were no indications that the petitioner did not understand what he was pleading guilty to. According to counsel, he met with the petitioner on eleven occasions, and each meeting lasted from thirty minutes to an hour and a half. He explained the elements of the offenses to the petitioner and the possible punishments.

**Analysis**

The petitioner first contends that he received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This Court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner contends that counsel was ineffective because of his failure to communicate with the petitioner and investigate the facts of the case. Specifically, the petitioner claims that counsel did not explain the charges against him. The post-conviction court accredited the testimony of counsel and the court record and found that the petitioner had failed to show that, but for counsel's ineffective assistance, he would have proceeded to trial. Counsel was provided open discovery by the State. An investigator contacted and interviewed all of the witnesses listed in the indictment. Counsel testified to meeting with the petitioner on numerous occasions, and there is no evidence in the record of a failure to properly communicate with the petitioner. The petitioner admitted at the post-conviction hearing that he heard all of the State's evidence against him at the juvenile court hearing. He also admitted that the trial court advised him of his sentence. A review of the plea submission transcript reveals that the court clearly explained the charges against the petitioner and possible punishments if he proceeded to trial. The evidence presented does not preponderate against

-3-

the findings of fact by the post-conviction court. The petitioner has failed to show by clear and convincing evidence that he was prejudiced by any alleged ineffective assistance of counsel. This issue is without merit.

In addition to ineffective assistance of counsel, the petitioner claims that his guilty plea was unknowing and involuntary. A post-conviction petitioner may successfully attack his conviction when his guilty plea was unknowing or involuntary. See Tenn. Code Ann. § 40-30-203; Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969); State v. Wilson, 31 S.W.3d 189, 194 (Tenn. 2002). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); Blankenship, 858 S.W.2d at 904. Because the plea must represent a voluntary and intelligent choice among alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The petitioner alleges that counsel did not explain the consequences of his guilty plea. He also claims that he was coerced into pleading guilty by counsel's threats. During the post-conviction hearing, the petitioner testified that he was under oath at the time of entering his guilty plea, and he answered all of the court's questions truthfully. At the plea hearing, he stated that he understood the consequences of his guilty plea. After reviewing the transcript of the plea submission hearing, we conclude that the evidence does not preponderate against the post-conviction court's finding that the petitioner was informed of the consequences of his guilty plea. The court fully explained the charges against the petitioner and the possible punishments. Additionally, the record contains the plea agreement signed by the petitioner which clearly states that he is pleading guilty to second degree murder, a Class A felony, and will serve forty years at one hundred percent. There was never any indication that the petitioner did not understand the consequences of his guilty plea. The trial court explained the consequences of the guilty plea on several occasions, including during the following colloquy:

> THE COURT: Okay. However, as part of this plea negotiation, you are actually pleading to 40 years, which is more than the range you would face on murder second, but yet, that was part of the negotiations for not to go to trial on a first degree murder, and run the risk of being convicted of first degree murder which would be a life sentence. Do you understand that?
>
> [PETITIONER]: Yes, ma'am.

THE COURT: Okay, all right. Now that is also a hundred-percent. That means that you would have to serve a hundred-percent of forty years. Now you will get some credits with that, but it never goes below eighty-five-percent of that sentence. I just want to make sure you understand, for the purposes we have here today, forty years means forty years; do you understand that?

[PETITIONER]: Yes, ma'am.

There is no proof contained in the record that the petitioner was coerced by counsel other than the petitioner's statement that counsel made him "feel nervous." The record shows that the trial court fully explained the consequences of pleading guilty and the rights that were being waived by the petitioner. The petitioner has failed to demonstrate that he did not knowingly and voluntarily enter his plea of guilty. This issue is without merit.

## Conclusion

We conclude that the petitioner has failed to show that he was denied the effective assistance of counsel. We also conclude that the petitioner's guilty plea was knowing and voluntary. Based on the foregoing reasoning and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE